Jonas Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTIK SHINGLOT, individually and on behalf of all others similarly situated,<br><br>  *Plaintiff*,<br><br>v.<br><br>SOUNDCLOUD GLOBAL LIMITED & CO. KG,<br><br>  *Defendant*. | Case No. 2:25-cv-1518<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**Table of Contents**

I.    Introduction. ...................................................................................................1
II.   Parties. ..........................................................................................................2
III.  Jurisdiction and Venue. .................................................................................2
IV.   Facts. .............................................................................................................3
      A.    California's Automatic Renewal Law. ................................................3
      B.    The Restore Online Shoppers Confidence Act. ..................................3
      C.    SoundCloud violates the Automatic Renewal Law and ROSCA. ......4
      D.    SoundCloud illegally charged Mr. Rutik for a price increase for his SoundCloud Go+ subscription ............................................................9
V.    Class Action Allegations ..............................................................................10
VI.   Claims. .........................................................................................................11
      First Cause of Action
            Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq. ..............................................................11
      Second Cause of Action
            Violation of California's Unfair Competition Law
            (By Plaintiff and the California Class).............................................12
      Third Cause of Action
            Violation of California's Consumers Legal Remedies Act
            (By Plaintiff and the California Class).............................................14
VII.  Relief. ...........................................................................................................15
VIII. Demand for Jury Trial. .................................................................................15

## I. Introduction.

1. Under California's Automatic Renewal Law, companies that enroll consumers in automatically renewing subscriptions must comply with strict disclosure and consent requirements. In particular, if a company intends to increase the automatic renewal charges over time, they must clearly and conspicuously disclose this up front and get consumer's affirmative consent to future price increases. If a company fails to do this, price increases for automatic renewals are illegal and must be refunded.

2. Similarly, under the Restore Online Shoppers Confidence Act ("ROSCA"), 15 U.S.C. § 8403, if a company intends to increase the automatic renewal charges over time, it must clearly and conspicuously disclose this fact and obtain consumer's express informed consent before imposing increased charges.

3. Defendant SoundCloud is an online music streaming service. SoundCloud users can upload, promote, and share their music. SoundCloud offers a premium subscription service, SoundCloud Go, that enables ad-free listening, unlimited offline listening, greater catalogue access, and other streaming benefits. [1]

4. When consumers enroll in SoundCloud Go, they are told that the plan will renew monthly at the price offered (e.g. $9.99/month for Go+). But SoundCloud does not clearly and conspicuously disclose that it may increase the price over time.

5. In August of 2024, SoundCloud increased the price of SoundCloud Go+, from $9.99 a month to $10.99 a month. It began charging all current subscribers the higher monthly fee. These increased charges are illegal under California law and should be refunded.

6. Plaintiff Rutik Shinglot brings this case for himself and other California SoundCloud Go subscribes who were charged this illegal price increase.

---

[1] SoundCloud offers two tiers of SoundCloud Go: Go and Go+. Unless otherwise specified, SoundCloud Go refers to both versions.

II. **Parties.**

7. Plaintiff Rutik Shinglot resides in Los Angeles County, California.

8. The proposed class includes citizens of California.

9. Defendant SoundCloud is a company incorporated under the laws of Germany and with its main place of business at Rheinsberger Str. 76/77, 10115 Berlin, Germany.

III. **Jurisdiction and Venue.**

10. This Court has personal jurisdiction over SoundCloud because it purposefully availed itself of doing business in California and purposefully directed its activities towards California. According to publicly available information, about 70% of SoundCloud's total revenues in 2018 came from the United States.[2] SoundCloud targets its social media and physical advertising campaigns at California, which is a hub for music artists.[3] SoundCloud partners with—and contracts with—California-based artists.[4] And SoundCloud hosts physical marketing events, such as promotional screenings, in California.[5] These events also require entering contracts centering in California. SoundCloud has also entered into partnerships with Twitter (now X) and Google, companies based in California. And until July 2017, SoundCloud had a San Francisco Office.

11. Mr. Rutik's claims arise from SoundCloud illegally charging him an increased price for his SoundCloud Go+ subscription, while he lived in California.

12. Because SoundCloud is a foreign resident, venue is proper under 28 U.S. Code § 1391(c)(3) ("a defendant not resident in the United States may be sued in any judicial district").

---

[2] https://financesonline.com/soundcloud-statistics/#:~:text=SoundCloud's%20global%20'Listener%20Business'%20generated,The%20Music%20Network%2C%202020

[3] https://press.soundcloud.com/172620-soundcloud-launches-next-installment-of-creator-discovery-campaign-first-on-soundcloud (describing a SoundCloud advertising campaign); https://press.soundcloud.com/240964-introducing-ascending-soundcloud-s-global-program-to-develop-and-propel-breakthrough-artists (describing "billboards in key locations such as … Los Angeles")

[4] https://press.soundcloud.com/240964-introducing-ascending-soundcloud-s-global-program-to-develop-and-propel-breakthrough-artists

[5] https://mundanemag.com/soundcloud-celebrates-california-rb-artists-with-premiere-party-for-docuseries-scenes-socal-soul/

Venue is also proper under 28 U.S. Code § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" here, where Mr. Rutik lives.

**IV.     Facts.**

  **A.     California's Automatic Renewal Law.**

13. The Automatic Renewal Law ("ARL") is part of California's False Advertising Law. The purpose of the ARL is to "end the practice of ongoing" subscription charges "without the consumers' explicit consent." Cal. Bus. & Prof. Code § 17600. To this end, the law makes it illegal for companies to charge consumers for automatically renewing subscriptions, unless the company meets strict disclosure and consent requirements.

14. Under the ARL, a company must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity . . . to the request for consent to the offer." Cal. Bus. & Prof. Code § 17602(a)(1).

15. The phrase "automatic renewal offer terms" is defined, and requires the "clear and conspicuous" disclosure of "[t]he recurring charges that will be charged…, <u>and that the amount of the charge may change, if that is the case</u>, and the amount to which the charge will change, if known." Cal. Bus. & Prof. Code § 17601(a)(2)(C) (emphasis added). So, one thing that must be clearly and conspicuously disclosed is that the renewal price may increase in the future.

16. A "clear and conspicuous" disclosure "means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601(a)(3).

17. Before the company may "[c]harge the consumer's credit or debit card . . . for an automatic renewal or continuous service," the company must first obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms." Cal. Bus. & Prof. Code § 17602(a)(2).

  **B.     The Restore Online Shoppers Confidence Act.**

18. The Restore Online Shoppers Confidence Act ("ROSCA"), 15 U.S.C. § 8403, bars companies from charging "any consumer for any good or services sold in a transaction effected on the Internet through a negative option feature," unless certain requirements are met.

19. The FTC defines "negative option feature" to mean "a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 310.2(w). Automatic renewals are a negative option feature under ROSCA. Subscription price increases are also negative option features because they take a customer's silence or failure to take an affirmative action to reject the goods or services as purported acceptance of the price increase.

20. Before companies can charge a consumer through a negative option feature, they must "provide[] text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information." 15 U.S.C. § 8403(1). This includes the potential for price increases.

21. Additionally, companies must "obtain[] a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction." 15 U.S.C. § 8403(2).

**C.  SoundCloud violates the Automatic Renewal Law and ROSCA.**

22. As described above, SoundCloud offers a premium subscription service, SoundCloud Go, that enables ad-free listening, unlimited offline listening, greater catalogue access, and other streaming benefits. The following images are representative of the sign-up process, throughout the proposed class period.[6] While the web sign-up process is shown, the disclosures are materially-similar for mobile sign-up.

---

[6] Some images are captured using the Internet Archive. Available at archive.org, the Internet Archive is a library that archives web pages. https://archive.org/about/.



 

*Captured December 3, 2020*

23. As illustrated, SoundCloud generally offers consumers the option to sign-up for a free trial, after which consumers are enrolled in an automatically renewing monthly membership. SoundCloud tells consumers that after the trial ends, consumers will be charged a set monthly fee (*e.g.*, $4.99 or $9.99, depending on the tier).

24. After consumers create an account, they see the following checkout screen:



25. Consumers are told that the plan will automatically renew at the displayed price (e.g. $4.99 or $9.99, depending on the tier) every 30 days. So, consumers think they will be charged that disclosed price, each month, until they cancel. These disclosures don't tell consumers that SoundCloud may increase the price and increase the automatic charges. In the box that discloses the automatic renewal terms, there is no mention of potential price increases (much less a clear and conspicuous disclosure).

26. In August of 2024, SoundCloud increased the monthly price of SoundCloud Go+ from $9.99/month to $10.99/month and began automatically charging all Go+ subscribers the higher price. SoundCloud did not seek or obtain consumers' affirmative or express consent for this price increase. This violated the ARL and ROSCA:

> **Why has the Go+ subscription price changed?**
>
> We're making this change to continue delivering on our commitment to support independent and emerging artists on our platform thanks to our Fan-Powered Royalties payment model.
>
> The price change help artists make more money, and also helps us build new features that bring you closer to artists.
>
> If you are a Go+ subscriber as of May 2024, you'll have one more billing cycle at the current price before the increase. You can always manage your subscription in your account settings, where you can also read about our Go plan, which gives you offline and ad-free access to a limited catalog of music.

*Captured October 2, 2024*

27. SoundCloud's primary defense will be that it discloses the potential for price increases in the SoundCloud Go+ Terms and Conditions. This defense lacks merits. As shown in the image above—in tiny, faded grey font below the payment information boxes—there is text that says "By submitting your payment and clicking "Start your free trial," you agree to the SoundCloud Go Terms of Use. The hyperlink leads to a terms and conditions page (Exhibit 1). Near the bottom of the Terms it states:

> **Changes to pricing and features**
>
> We may occasionally need to change the features made available with SoundCloud Go and SoundCloud DJ and/or change the price charged for your Go, Go+ or DJ Subscription or offer promotions. In the event of any increase in the price or material reduction in the features of your Go, Go+ or DJ Subscription, we will communicate these change(s) to you at least six (6) weeks in advance and the changes will only take effect with respect to any renewal of your Go, Go+ or DJ Subscription following the applicable six (6) week period. You can cancel your Go, Go+ or DJ Subscription prior to the effective date of the changes by clicking the "Cancel Subscription" button on the

"SoundCloud Go" or "SoundCloud DJ" tab on your Subscriptions page on the Website. If you do not cancel your Go, Go+ or DJ Subscription prior to the applicable effective date of the changes, your Go, Go+ or DJ Subscription will be modified to reflect the applicable change to the SoundCloud Go or SoundCloud DJ features and/or price charged for your Go, Go+ or DJ Subscription.

28. This disclosure is legally insufficient. A company cannot bury payment increase information in inconspicuously linked terms. Instead, the law requires it to clearly and conspicuously disclose the potential for payment increases.

29. SoundCloud will also point to the following provision of the ARL Cal Bus & Prof Code § 17602 (g)(2)(A) states that, in "the case of a change in the fee charged under an existing automatic renewal or continuous service offer that has been accepted by a consumer in this state" the company must provide the consumer with "clear and conspicuous notice of the fee change" and information "regarding how to cancel in a manner that is capable of being retained by the consumer." Cal Bus & Prof Code § 17602 (g)(2)(B). But that assumes that the company already complied with the up-front disclosure requirement: a clear and conspicuous disclosure that the "the amount of the charge may change." Cal. Bus. & Prof. Code § 17601(a)(2)(C). In other words, to comply with the law, a company must both (1) clearly and conspicuously disclose the potential for a price increase up front (upon enrollment), and get affirmative consent; and (2) before the price increase takes effect, disclose the price increase again and get passive consent.

30. In June of 2024, SoundCloud sent emails to its customers notifying them of the price increase:

> Hi,
>
> Starting from your billing date in August, your Go+ subscription price will increase to 10.99 USD. We're making this change to continue delivering on our commitment to support independent and emerging artists on our platform.

31. However, because SoundCloud failed to comply with the up-front disclosure requirements for price increases, this email is no defense. Under the ARL and ROSCA, passive consent is legally insufficient.

**D.  SoundCloud illegally charged Mr. Rutik for a price increase for his SoundCloud Go+ subscription**

32. Mr. Rutik signed up for SoundCloud Go+ in December of 2020. As illustrated above, the SoundCloud enrollment process told him that the recurring price would be $9.99/month. [7] SoundCloud did not clearly and conspicuously disclose that it could increase the price and it did not get his affirmative consent for this. As a result, Mr. Rutik was not aware that SoundCloud could increase the price and begin automatically charging him the higher price, without his affirmative consent. If he had known this, he would not have signed up. In August of 2024, SoundCloud increased his price to $10.99 a month. He did not notice at the time because SoundCloud did not seek his affirmative consent to the price increase. SoundCloud then illegally charged him for several months, at $10.99. He recently cancelled his subscription to avoid the price increase.

33. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

---

[7] Mr. Rutik initially got a 50% student discount. That ended when he was no longer a student, and the price reverted to $9.99 in 2022.

## V. Class Action Allegations.

34. Plaintiff brings claims for the following Class: all persons enrolled in a SoundCloud Go subscription in California, where the price of the monthly subscription was increased within the statute of limitations period.

35. The following people are excluded from the Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity*

36. The proposed class contains members so numerous that it is impractical to bring every individual claim. There are at least thousands of class members.

*Predominance of Common Questions*

37. Common questions of law and fact predominate over individual issues. Common questions of law and fact include, without limitation: (1) whether the automatic renewal subscriptions at issue violates the ARL and California consumer protection laws; (2) restitution or damages needed to compensate Plaintiff and the class.

*Typicality and Adequacy*

38. Plaintiff's claims are typical of the class. Like the class, Plaintiff was charged for a SoundCloud Go subscription. There are no conflicts of interest between Plaintiff and the class.

*Superiority*

39. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would

1 be unduly burdensome to have individual litigation of individual claims in separate lawsuits,
2 every one of which would present the issues presented in this lawsuit.
3 **VI.    Claims.**

**First Cause of Action**

**Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.**

**(By Plaintiff and the California Subclass)**

8   40.   Plaintiff incorporates the facts alleged above.

9   41.   Plaintiff brings this claim individually and for members of the California Class.

10  42.   The FAL authorizes a private right of action for any violation of Chapter 1, including the ARL.  *See* Cal. Bus. & Prof. Code § 17535 (actions can be brought by "any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter"); *id.* § 17602 (ARL); *Arnold v. Hearst Magazine Media, Inc.*, 2020 U.S. Dist. LEXIS 111700, at *17-21 (S.D. Cal. Feb. 10, 2021) (explaining how the FAL authorizes a private right of action under the ARL).

16  43.   Defendant has violated Sections 17500 and 17602 of the Business and Professions Code.

18  44.   Defendant violated Section 17500 of the Business and Professions Code by disseminating misleading advertisements concerning the price of SoundCloud Go subscriptions. As described above, Defendant's advertising of subscriptions represents that those subscriptions will be renewed at a certain price and fails to disclose that the price of the subscriptions may change and the amount to which the price will change.  Thus, it misleads reasonable consumers about the price of those subscriptions.

24  45.   The same behavior violates Section 17602 of the Business and Professions Code (the ARL).  As alleged in detail above, Defendant violated the ARL by failing to disclose at enrollment that the price of its SoundCloud Go subscription may change over time, or the price

1  to which it would change before fulfilling the subscription and in visual proximity to the request
2  for consent to the offer.
3      46.    Defendant also violated the ARL by charging Plaintiff and class members for
4  automatic renewals or continuous service without first obtaining the consumer's affirmative
5  consent to be enrolled in a subscription with a price that may change or to pay the cost of any
6  price increases.
7      47.    Defendant reasonably should have known that its violations are misleading to
8  reasonable consumers.
9      48.    Plaintiff relied upon Defendant's misleading representations and omissions, when
10 deciding to sign-up for SoundCloud Go+.
11     49.    Defendant's violations were a substantial factor and proximate cause of economic
12 harm to Plaintiff and class members.

### Second Cause of Action

### Violation of California's Unfair Competition Law

### (By Plaintiff and the California Class)

16     50.    Plaintiff incorporates the facts alleged above.
17     51.    Plaintiff brings this claim individually and for the class.

*The Unlawful Prong*

19     52.    Under the "unlawful" prong of the UCL, a violation of another law is treated as
20 unfair competition and is independently actionable.
21     53.    Defendant committed unlawful practices because, as alleged above and
22 incorporated here, it violated California's Automatic Renewal Law.
23     54.    Defendant's practices are also unlawful under ROSCA, 15 U.S.C. § 8403(1).
24 Defendant's automatically renewing subscription is a "negative option feature," as defined by 16
25 C.F.R. § 210.2(w), because it interprets customers' failure to cancel as acceptance of the price
26 increase. Defendant violates ROSCA because it fails to (1) clearly and conspicuously disclose a
27 material term (that the fee will increase, and the amount of the increase) before obtaining the
28

customer's billing information, and (2) does not obtain a consumer's express informed consent before charging the consumer the increased fee.

### *The Unfair Prong*

55. As alleged in detail above, Defendant committed "unfair" acts by enrolling consumers in automatically recurring subscriptions, in violation of the ARL.

56. The harm to Plaintiff and the class greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal automatic renewal practices. This injury was not outweighed by any countervailing benefits to consumers or competition. Illegal auto-renewal practices only injure healthy competition and harm consumers.

57. Plaintiff and the class could not have reasonably avoided this injury. Defendant's representations and omissions were deceptive to reasonable consumers like Plaintiff. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with the ARL.

58. Defendant violated established public policy by violating the ARL. The unfairness of this practice is tethered to a legislatively declared policy (that of the FAL, the ROSCA, and the ARL).

59. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

### *The Deceptive Prong*

60. As alleged in detail above, Defendant committed "deceptive" acts by enrolling consumers in automatically renewing subscriptions without disclosing that the price of those subscriptions would increase, and charging the consumers increased prices without obtaining their affirmative consent.

61. Defendant's representations and deficient ARL disclosures were misleading to Plaintiff and other reasonable consumers.

62. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

* * *

63. Defendant's violative conduct was a substantial factor and proximate cause of economic harm to Plaintiff and class members.

### Third Cause of Action

### Violation of California's Consumers Legal Remedies Act

### (By Plaintiff and the California Class)

64. Plaintiff incorporates the facts alleged above.

65. Plaintiff brings this claim individually and for the class.

66. Defendant violated California Civil Code § 1770(a)(5) by representing that its SoundCloud Go subscriptions have certain characteristics that they do not have. As alleged in detail above, Defendant represents that the subscription will automatically renew at a certain price, and Defendant does not disclose that the price may change or the amount to which that price will change. In reality, the cost of subscriptions can (and has) increased over time.

67. Defendant violated California Civil Code § 1770(a)(9) by advertising goods or services with the intent not to sell them as advertised. As alleged in detail above, Defendant's advertising of its SoundCloud Go subscription (and its failure to display ARL compliant disclosures with those advertisements) misleads reasonable consumers about the price of the subscription.

68. Defendant's representations and omissions were likely to deceive reasonable consumers.

69. Plaintiff relied on Defendant's representations and omissions when deciding to enroll in a SoundCloud Go+ subscription.

70. Defendant's violative conduct was a substantial factor and proximate cause of economic harm to Plaintiff and class members.

71. CLRA § 1782 NOTICE. On December 19, 2024, a CLRA demand letter was sent to Defendant's Berlin headquarters via certified mail (return receipt requested).[8] This letter

---

[8] Defendant does not have a California headquarters.

Class Action Complaint                    14                    Case No. 2:25-cv-1518

provided notice of the particular violations alleged here and demanded that Defendant correct the problems. Defendant did not fully correct the problem for Plaintiff and for each member of the class within 30 days. Thus, Plaintiff and the class will seek all monetary relief allowed under the CLRA.

72. A CLRA venue declaration is attached.

**VII. Relief.**

73. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the class;
- All available monetary forms of recovery, including restitution, disgorgement, and other just equitable relief;
- Pre- and post-judgement interest
- Reasonable attorneys' fees and costs, as allowed by law; and
- Any additional relief that the Court deems reasonable and just.

**VIII. Demand for Jury Trial.**

74. Plaintiff demands the right to a jury trial on all claims so triable.

Dated: February 21, 2025

Respectfully submitted,

By: /s/ *Jonas Jacobson*

Jonas Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*